The STATE of Ohio, Appellee,

v.

BRUCE, Appellant.

[Cite as *State v. Bruce*, 172 Ohio App.3d 521, 2007-Ohio-3695.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 06–CA–87.

Decided July 20, 2007.

Ronald C. Lewis, Xenia Law Director, for appellee.

David E. Kuns, for appellant.

BROGAN, Judge.

{¶ 1} Dion Bruce appeals from the trial court's order vacating his two convictions for driving while under suspension. Bruce contends in two related assignments that the trial court abused its discretion in vacating his convictions without providing him notice of the prosecutor's motion to vacate and without hearing evidence to support the allegations in the motion.

{¶ 2} The record indicates that Bruce entered guilty pleas to the two charges on May 3, 2006. The trial court sentenced Bruce to 60 days in jail and then suspended that sentence and placed Bruce on probation for five years. The court also fined Bruce $250.

{¶ 3} On May 11, 2006, the prosecutor moved to vacate Bruce's convictions because he asserted that someone other than Bruce actually appeared in court and entered the guilty pleas on Bruce's behalf.[1] The state also requested in its motion that the trial court issue a bench warrant for Bruce's arrest. The trial court granted the state's motion the same day it was filed, without notice to Bruce. Bruce was arrested on May 10, 2006, on a bench warrant and released on his own recognizance the following day.

{¶ 4} Normally, a defendant would not be prejudiced by the trial court vacating his convictions. In this case, however, the direct result of the court's action was that Bruce was arrested pursuant to the trial court's order. Also, if the trial court believes that Bruce had someone else appear in court for him, the court may consider that in imposing a harsher sentence than originally imposed. Unquestionably, the trial court entered its order without according Bruce notice and an opportunity to be heard. Also, the trial court apparently granted the state's motion without hearing evidence. Therefore, we agree with Bruce that the trial court's order vacating his conviction should be set aside. The trial court may consider the state's motion with notice to Bruce and an opportunity for evidence to be presented upon the state's allegations. The appellant's assignments of error are sustained.

{¶ 5} The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

---

1. The state's motion to vacate did not cite any authority for its motion. R.C. 2953.21 provides that any person who has been convicted of a criminal offense or adjudicated a delinquent may file a petition to vacate or set aside the judgment of conviction or sentence. We will assume for purposes of this appeal, however, that the court may use its inherent power to vacate a conviction that is the result of a fraud upon the court.

FAIN, J., concurs.

WALTERS, J., concurs separately.

WALTERS, Judge, concurring.

{¶ 6} Because there is no authority for the state to seek vacation of a final judgment of conviction, and because it does not appear from the record that the trial court acted sua sponte, exercising its inherent authority, I would simply reverse the judgment appealed from without remanding the cause for further proceedings.

SUMNER E. WALTERS, J., retired, of the Third Appellate District, sitting by assignment.